Dear Mr. Bonvillain:
You have asked this office to advise if Ms. Brenda Babin may serve as elected member of the Terrebonne Parish School Board while at the same time holding full-time state employment with Louisiana Technical College, L.E. Fletcher Campus.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. Therein, La.R.S. 42:63 sets forth those public offices and employments which may not be held together. A school board member holds "elective office" as defined by La.R.S. 42:62(1)[1], while an employee of Louisiana Technical College[2] holds employment in the executive branch of state government as defined by La.R.S. 42:62(6).[3] *Page 2 
La.R.S. 42:63(D) provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment in the government of this state." While La.R.S. 42:63(D) prohibits a person from holding state employment while serving as a school board member, there is an exemption in the law permitting one who is employed in a "professional educational capacity" to hold an elective office. La.R.S. 42:66(B) provides:
B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Under La.R.S. 42:66(B), a person employed in a professional educational capacity by a technical college is permitted to hold local elective office. While there is no definition of "professional educational capacity" found within the provisions of the dual officeholding statutes, this office has consistently interpreted this phrase to mean the following, as stated in La. Atty. Gen. Op. 94-278:
The exemption found in La.R.S. 42:66(B) is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process.
While the clearest example of an individual employed in a professional educational capacity is the faculty member whose duties are dedicated to teaching classes, this office has recognized that personnel employed in primarily administrative capacities may nonetheless be considered professional educators, particularly where the individual is required to teach at least one class. See La. Atty. Gen. Op. 03-0197 (Lafourche Parish Councilman may also continue in his full-time classified employment as Director of Campus Recreation at Nicholls State University because he teaches classes during the fall semester); La. Atty. Gen. Op. 97-304 (the Dean of Career and Professional Programs at Elaine P. Nunez Community College, who teaches classes at the college, may also hold the elective office of member of the St. Bernard Parish School Board); and La. Atty. Gen. Op. 94-465 (the full-time Director of Student Activities and Organizations at Northwestern University may also serve as member of the Natchitoches Parish School Board because he is required to teach at least one three-hour course at the university).
This office has not been provided with Ms. Babin's job description, which must be reviewed to determine whether or not Ms. Babin functions in a professional educational capacity in her employment with the college. However, should she in fact be employed in a professional educational capacity, she would be exempt *Page 3 
from the general provision of the law which would otherwise prohibit her from serving as an elected school board member while at the same time holding state employment.
Further, note that our expressed opinion relative to state law is limited to an examination of the dual officeholding provisions. Any potential ethical questions concerning this matter arising under the Code of Governmental Ethics, La.R.S. 42:1111, et seq., are addressed by advisory ruling of the Louisiana State Board of Ethics. The Board may be contacted at P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
cc: Ms. Brenda Babin
3202 Sharon Street Houma, LA 70363
[1] La.R.S. 42:62(1) provides:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] The Board of Supervisors of Community and Technical Colleges was constitutionally created by the adoption of LSA-Const. art. VIII, § 7.1 in 1998, and the system of public vocational-technical colleges and community colleges was transferred to the Board of Supervisors of Community and Technical Colleges, effective July 1, 1999. See Act 170 § 5, of the 1998 Louisiana 1st Ex. Legislative Session. The Board exercises executive branch functions, and employment with the Louisiana Technical College, L.E. Fletcher Campus, a school falling under the jurisdiction of the Board under La.R.S. 17:1994(B)(37), constitutes employment in the executive branch of state government.
[3] La.R.S. 42:62(6) includes as an executive branch agency a school falling within the jurisdiction of the Board of Supervisors of Community and Technical Colleges, as an "agency . . . or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.